or argument not to exceed 15 minutes per side. Mr. Mills for the defendant appellant. May it please the court. David Mills on behalf of Koljo Nikolovski. I'd like to request three minutes, please, for a vote. All right. Mr. Nikolovski is serving an 18-year prison sentence. That's 216 months. There are a number of flaws with that sentence, not least of which is that it's undisputed that it was based on the wrong guideline range. Perhaps just as troubling or maybe even more so is the frankly very strange circumstance where the transcript can be read to suggest that the district court may not have even intended this very severe increase to the range or to the sentencing amount, which really vaulted it to 216 months based on a single word that is consecutive. The judge or the transcript shows the sentence was consecutive, which is technically... Is it later that the actual written judgment included that, though? Absolutely. And that's... No, it's not. You repeatedly say the only thing in the record is the oral statement, but the written judgment also says consecutively. Oh, no doubt about it, Your Honor. And all I'm saying is that there's nothing in the sentencing transcript at the time of sentencing indicating definitively whether the judge was really imposing 216 months or... Well, I found that persuasive at first because sometimes people slip and say one thing and everyone thinks they meant the other or maybe the transcriber got it wrong. But here it's confirmed by a later written judgment, right? What's your argument on that? Well, it's... That the judge didn't notice it again? That's certainly a possibility, not that he didn't notice it again, but that it was entered into the judgment mistakenly. But I think a more fundamental point is that regardless of what the judge really intended, we can assume the judge actually intended this frankly unusual and improper consecutive sentence to reject really entirely the government's position that nine years would be a sufficient sentence. And we can assume the judge meant to impose 18 years. The problem is, and it goes to sort of the heart of this whole problem, is that there was really no explanation whatsoever of if the judge really meant to do that. And even if he did... He gave reasons for varying upward. No doubt about it. In fact... He gave reasons for varying upward. We just don't know if he gave reasons for varying upward that far. But you don't normally have to do that, do you? I mean, once you give reasons for varying upward, do you have to say, this is the reason I gave 20 instead of 10 or something like that? Generally, you don't. You don't have to say 20 versus 10. But when you impose a consecutive sentence, which is actually improper under the guidelines, and you actually... Well, when it's a variance, we don't have to worry about whether it's proper under the guidelines or not. That's right. And if the judge said... I'm talking about a variance when he does that, right? You're right. And if the judge had said, I understand the position of the United States that nine years is proper here. However, I'm going to vary up and double that to 18 years, we'd be probably just arguing about the guideline calculation. The argument is he more or less said that. The argument is that... He said, I'm going to vary upward. He doesn't have to say I'm rejecting the government's argument. If he rejects it, he rejects it. He says, I'm going to vary upward. These are my reasons. And then he says how much he's going to vary upward. Although he says it in the context of one word, which is a little troubling. But he does say it, though, right? And that's sort of the fundamental point. It's a little troubling because there's no doubt he was varying upward. No doubt about it. He's varying upward. He gives his reasons for varying upward. And he says, I'm going to make this consecutive. That's exactly right. And the problem... The argument that this violates the guidelines doesn't compute with me because he's talking about a variance. Well, I understand that... Look, the guidelines say you should not use consecutive sentence here, but I understand your point that post-Booker, it's permissible to say you're using consecutive sentences and really mean a variance. The problem here, and I think it's really illustrated well by a case called United States v. Cochrane, maybe pronounced Cochrane, a year ago. Government relies on it. That's a case in which, similarly, you had consecutive sentences, which are certainly not the norm. Concurrent is the default. They're a norm if they're necessary to get up within the guideline range. That's exactly right. And that's not the case here. Because he's varying. That's the argument. I'm just not seeing how the argument that it violates the guidelines undermines an upward variance. By definition, an upward variance violates the guidelines. No, the argument is not that, by definition, an upward variance violates the guidelines. The argument, more precisely, if you look at a case like United States v. Cochrane, if a district judge is going to take this, let's at least say unusual step in this context, because, as you point out, consecutive sentences are not supposed to really be used in this context unless you have to use them to get into the guideline range. It's not the case here. Under the guidelines. But once you're in 3553, that doesn't apply anymore, right? Right. But Cochrane says... You think it should be 200 months or whatever it is. You use consecutive to get up to that 200 months that you think is appropriate under 3553. Well... There's nothing procedurally wrong with that, if that's what he intended to do. And that's sort of the point. Post Booker, there's room for a district judge to say, I'm going to use consecutive sentences, even though the guidelines, which are advisories, say in this context you're not supposed to do that. You're not supposed to use consecutive here because... You're not supposed to use consecutive in calculating the guideline range, but this is past that. Well, if... And I haven't pointed out this Cochrane point. The point about Cochrane, which goes to, I think, what you're talking about, is that if you're going to take the step of using consecutive sentences... And here, there's no doubt about the massive, massive effect of that. If you're going to do that, you at least have to give some explanation of why you're going that unusual route. That's the problem with that argument, is he does give an explanation. Well, what he gives an explanation for, and frankly, I think on this point we're going to be on the same page. When you read this sentencing transcript, the first 45 pages or so, it looks pretty good. Very much detailed explanation. A laundry list the government's provided about negative factors about Mr. Nikolaevsky. But when you get to the moment of sentencing, the United States has requested 108 months at the very top of the range. And the district judge at that moment of sentencing, this is page 49, the transcript says, I impose this sentence of 120 months on these counts, 120 on these counts, 96 on the last. Default presumption that's concurrent, and he's going to go out... Pardon me? We're familiar with that. Right. If he had said consecutive, so that the total is 200 and how many was it? Is it 210? 216. 216. If he had said consecutive, which will result in a variance so that his total is 216, which would have added about five extra words, then your case would be gone, right? Well, it wouldn't be gone. This particular argument about what the judge really meant would be certainly gone. But the argument that there was support for the conclusion would be gone because there's support. He's just explained all his reasons. Oh, no doubt about it. You could argue it was substantively unreasonable, but just apart from that, just apart from, oh, this is a lot, the argument would be gone. So basically we're just arguing about whether he sufficiently clearly said the 216. I mean, in some sense on this particular point, again, putting the other points to the side, in a large sense that's exactly right because in a normal case where it's 10 versus 20 months, that type of thing, maybe it doesn't matter much. But in the context of everything that occurred here, you've got to remember, the idea of a consecutive sentence literally does not show up in any hearing or any document in this record, period. Now, you look at the Cochran case. In the way that sentencing works now, as I understand it, it's used to reach a total sentence which the judge finds to meet the 3553 factors. I mean, I think that can happen. I think the problem is if you're going to use consecutive to essentially double even the prosecution's request here, do something so severe and actually vault the sentence into maybe one or two percent of the fraud cases in the country that would have such a severe sentence, you have to at least under Cochran explain, I know you're asking for this nine-year sentence, but I've decided to bump it up to 18 years. Now, Judge Rogers, in light of some of these comments, I would point out, again, as I said, at the outset, there is no dispute here that we had the wrong starting point to begin with, separate and apart from what we've been talking about. He's got the wrong guideline range. We know he's already serving time in prison that's not called for. And you referenced the substantive unreasonableness. That's very much implicated here where, again, we have to be very clear about this. The United States documented and explicitly made clear all the factors it believed were negative about Mr. Michalowski, the crime, his background, et cetera. The United States told the district judge, we recommend the very top of the guidelines, 108 months. The response of the judge, as we've pointed out in that one moment, was to say, you know, I've decided to vary up. And with that word consecutively, it doubled even the government's recommendation at the top of the range. Now, this very much implicates substantive unreasonableness, as the ALEO case indicates. I point out in the brief, there are 3% of fraud cases in the country where a judge goes anywhere above the guideline range, even a month above. This judge doubled the top end of the range and doubled the United States government's request for a proper sentence. And what happened here is you got a sentence that, let me remind the court, Mr. Michalowski has a criminal history of zero points. And he certainly has some things in his background the judge could consider. But even if Mr. Michalowski was a Category 6 offender, let's say he had four previous murders, he had five previous financial crimes, his guideline range would have been 188 months at the top. This judge, with a single word of consecutive, not requested by any party, not mentioned in the district court proceedings, says, I'm going to bump it up to 216. The government's position is that the exact same factors that they said justified 108 months also worked for 216 months. This sentence is not substantively reasonable. I think, as I indicated at the outset, the cleanest way to look at this case from the perspective of the Sixth Circuit is that we need to get this right. This man is serving time in prison that is, number one, not justified because we know the guideline range is wrong. Number two, we have a very weird situation where the judge put in the word consecutive, may have intended it, and if he did, did not explain why it was consecutive, and finally, if he really intended this 216-month sentence, entered a situation where it leaves no distinction for offenders who are worse than Mr. Michalowski. And under the ALEO decision, that means it's substantively unreasonable. For those reasons, we would request that the case be remanded for simply a proper sentencing hearing. Thank you. Thank you. Good morning, Your Honors. May it please the Court, my name is Laura Ford, and I'm here on behalf of the United States. Your Honors, I strongly disagree with the contention that we've confessed error in this case as to the base offense level. Our position has always been that Michalowski should not even be heard on this issue because we have a plea agreement in which he stipulated to a base offense level of seven. He had an appeal waiver where he agreed to waive a sentence except to the extent that it exceeded the guideline stipulation. It did exceed the guidelines, right? It did, but that, it was only to the extent. That language is sort of puzzling to me. I mean, once it exceeds the guidelines, he can appeal, right? He can appeal. But only if it gets it down to the guideline maximum. I mean, once you get to appeal, you get to appeal, don't you? You get to appeal the other. Other than the specific issues which you said he can't address on appeal. Correct. He can appeal the variance. But our other position on that is that the invited error doctrine applies here. Your earlier position is what? Our other position with respect to the guideline, the base offense level, is that the invited error doctrine applies here. But that's different from an appeal waiver. Yes, it is. It's a different ground. May I make an observation? At least the trial judge that looks at pre-sentence reports in Rule 11 is a fair amount. You committed to recommending to this trial judge a guideline sentence. True? Correct. One thing that was omitted from both the Rule 11 agreement and the pre-sentence report that I look for was the reference to 5G1.2, which takes the analysis on grouped offenses to the next level and explains, as opposing counsel did, that the sentences for individual offenses are to be concurrent in order to abide by the maximum. And I'm quite agreeable with Judge Rogers' point here, which the larger question is the variance. But neither that agreement nor the pre-sentence report reflected that guideline principle for that sentencing judge. Did you argue to this judge that he should impose, like you agreed to, a guideline sentence? We argued that he should be sentenced at the top end of the guideline range. Consecutive, concurrent sentencing was not specifically discussed. Nor argued by the government? No, not that I'm aware of. I don't recall anything about consecutive versus concurrent sentencing. But I think the record is clear that the court did actually intend to order the sentences to run consecutively. He specifically said they would run consecutively. This is a judge that has a great deal of experience, 16 to 17 years by the time of sentencing. He demonstrated that he knew the difference when a few lines later he orders the supervised release term to run concurrently. But even people who have been judges for 16 years can say concurrent when they mean consecutive or vice versa. It's kind of strange how this thing reads. I don't agree, Your Honor, because I think he says right after he imposes a sentence that he is varying from the guidelines. Right, but he would be doing that even if it was not consecutive. He'd be saying the same thing, as your opposing counsel points out. One of the sentences was 120, right? It was, yes, 120 for counsel. He would say he could, I don't know, I mean that's a distinguished judge. Homer Nodded or whatever, the most brilliant people sometimes slip a word. All there is is this one word because he was varying and he didn't have to justify a variance even if he meant concurrent, right? Correct. All there is is this one word which starts with C-O-N just like the other word. It's troubling. Maybe there's no legal basis for making sure that's what he meant, but it's a little troubling that there's 100 months of sentencing based on the last half of one word. I think on the flip side, though, there's nothing more than speculation that the court might have made a mistake. Well, you can say there's nothing more than speculation, but in view of the detail of the analysis that there would be that much difference, there might have been more of a hint of a rationale for that much of a difference. At least somewhere. At least some evidence of that is the fact that the government agreed to recommend a guideline sentence as part of a plea agreement that's less than half the sentence. That's at least some evidence of the government's point of view. Correct. But in this case, we can be sure that the court really meant to issue a consecutive sentence because he even issues an amended judgment and an amended judgment that reflect this consecutive term. He even says at the co-defendant's sentencing that Mr. Nikolofsky is in a category of his own, and I gave him, I think he said 18 years, which would translate, it coincides perfectly with the judgment and the amended judgment. Is that in the record? Well, it is on the same docket, and the page ID is 1041. What's that mean, it's on the same docket? As Mr. Nikolofsky, because they were charged under the same case number in the district court. And I think that there's no question that the court, when you look at all that, that the court did, in fact, intend... Does the amount of explanation for a variance increase with the amount of the variance? I think the touchdown... I mean, is there any basis for coming to that conclusion? You have that in administrative law sometimes, that if something is an abuse of discretion, if it's something that's remarkable or hard to imagine, you need more explanation than if something is otherwise clearly supported in the record. I think the common thread is that the court has to say enough to enable the court to understand why the judge chose the sentence that he did, and I think we know exactly why the judge chose this sentence, because in the next breath he's saying, I'm varying upward from the guidelines and I'm doing this because of the aggravating factors that I've just discussed, and it's referencing back. There's several pages where the court's talking about aggravating 3553A factors. This is not at all the Cochran case, in which this court said that what the court can't say is nothing at all. In that case, you had a criminal offense and a supervised release violation. The court discussed the 3553A factors in that case and then imposed the criminal offense sentence. Then the court moved on and went to the supervised release violation, did not reference back to the 3553A factors, and most importantly, did not address the defendant's argument for a concurrent sentence. So the court is left with wondering, well, did the judge forget about the argument? Did the court impliedly consider the 3553A factors? Here we have a reference back to the 3553A factors, and there's two cases that we cite in our brief, the Berry and the Johnson decision, that say that there doesn't have to be a separate explanation for 3553A factors when considering whether to impose a concurrent or consecutive sentence. No, there doesn't. It makes sense that there would not be. What's troubling here is, although there is, the trouble is that everything that was said could have applied to the 120 instead of the 216. So there's nothing, in a sense, there's zero that explains why it's 216 as opposed to 120. Because if instead of 120, he had sentenced one of them to 108 and the other one to whatever it was, and then said consecutive and explained why he was departing, not departing but bearing, then you could say, well, that was obviously a reference to the consecutive. But here it could just as easily have been a reference to the 120. Do you see what I'm saying? So there's a sense in which there is nothing. It's not exactly the same as Cochran, but it's sort of like that, isn't it? I disagree with that. I think the rationales are intertwined in this case because it's right after the court says consecutive. See, I'm doing it today. Sometimes the smartest people slip, you know. I mean, it just happens. It's right after he says consecutive that he says, I'm varying above the guidelines, and it's because of these 3553A factors. And the court was deeply disturbed. This goes beyond just a financial crime. This court was troubled by the damage to this credit union. It was an ethnic credit union, $5 million loss to this credit union, a loan from this defendant. But beyond that, what makes it troubling to the district court was this pattern of threatening behavior. And the court referenced some specific examples. In 2007, he's threatening to make a massacre of someone. That person had knowledge of him carrying his firearm, and had personally witnessed him pistol-whip somebody. 2009, he does actually pistol-whip someone. You've got another firearm involved. Knocks somebody's teeth out. The guy's too afraid to prosecute. Same year, 2009, he threatens his co-defendant, Anthony Raguse. He threatens to shoot him and his family if he doesn't authorize more loans. And it's all demonstrating a consistent pattern of threatening behavior and violence. And I think that's what pushes this to a more serious case, that there is a substantial need to provide adequate deterrence and to protect the public from further crimes. I think the court did... If we remand, he can easily explain that. The court could. I think here there is a sufficient explanation here that the rationales are entwined. And unless this court has further questions, we'd rely on our brief and ask this court to affirm the district court's judgment. Thank you. All right, thank you. Any rebuttal? Very briefly, Your Honor. We just heard, again, a sense of the United States' view of the bad facts about Mr. Nikolowski. The difference today is that they're saying that supports 216 months. In the district court they said that was perfectly supporting 108 months. And I think... We expect government counsel to defend the defendable decisions of the district court, even if it's not what they recommended. That's part of their job. I appreciate that. And I don't mean that comment to disparage that position. In that sense, what I'm saying is that it's very troubling to say that the exact same factors support a 108-month sentence. And then in the context of a case where, as you just said, Judge Rogers, there's actually zero explanation of why it's 216 instead of 120. In that context, the idea that those very same factors equally support 18 years... I understand that argument. I'm just quibbling with the argument that the government is somehow weakening its position because it's changed its position. There's two different positions. One is this is what we recommend and what we've agreed to recommend, and the other is this judgment of the district court is legally correct, which they're obligated to argue... They are, but... ...if it's supported by the law, right? They are, but what's troubling to me is that what I'm reading and hearing is that the exact same factors support 108 and 216 in a context of a case where, as you point out, we have zero explanation of why it was 216 versus 120. That's really all I'm pointing out. I would just end by noting again that there still is no dispute that the underlying guideline range was wrong. I understand the United States' position that says this court should be barred from considering that, but there's still no argument that it was the wrong range. Mr. Nikolowski is very likely serving the wrong amount of time in prison, so we ask for a remand for a proper sentencing. Thank you. Thank you very much. Case is submitted. Remaining cases on...